**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2601
_____

RAJBIR SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(A205-935-493)
Immigration Judge: Tamar H. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 3, 2024

Before: HARDIMAN, PORTER, and AMBRO, *Circuit Judges*.

(Filed: June 4, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

Rajbir Singh petitions for review of a Board of Immigration Appeals order denying his motion to remand for ineffective assistance of counsel. We will deny the petition.

I

Singh, a citizen of India, entered the United States in 2013 without authorization. After receiving a Notice to Appear, he conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. Singh was represented by counsel, who helped him prepare his application and present his case to the IJ. At a 2018 hearing, his counsel told the IJ that Singh was seeking asylum based on his religion and membership in a particular social group. But at the next hearing, Singh's counsel requested relief based only on religion and, without explanation, declined to raise Singh's membership in a social group.

Singh was the sole witness at his hearing and testified that police in his hometown wrongly believed he and his family were affiliated with a terrorist organization. Singh did not know the name of the terrorist group but suggested that police were targeting his family because of this supposed affiliation and had killed his father and other relatives. He claimed police falsely arrested him three times and "beat" him during his first arrest, though not hard enough to cause any visible injuries or require medical treatment. *See* A.R. 124–34. According to Singh, police threatened to kill him if they saw him again, prompting him to flee to another part of India, where he stayed with relatives for four years before his mother arranged for him to leave the country.

The IJ found Singh not credible and denied his requests for relief. Alternatively, the IJ found that even if Singh had been credible, he failed to show he identified with a religious group or had experienced past persecution. Singh appealed the IJ's decision to the BIA and moved to remand,[1] alleging that his counsel was ineffective by failing to: (1) seek relief based on Singh's membership in a social group; (2) inform the IJ of a medical condition that left Singh with memory issues; and (3) introduce sufficient evidence or testimony in support of Singh's claims.

The BIA dismissed Singh's appeal based on the IJ's alternative holding, agreeing that he did "not establish[] that he suffered harm rising to the level of persecution, or that he was or will be harmed on account of his religion." A.R. 4. It also denied his motion to remand, finding that his counsel was not ineffective and, even if he had been, Singh had not shown prejudice. The BIA further concluded that Singh was not eligible for relief under the Convention Against Torture because he managed to relocate to a different part of India and live "unharmed and unbothered for several years after his third arrest." A.R. 7. Singh timely petitioned for review of the BIA's order denying his motion to remand.

## II[2]

Even if his counsel were ineffective, Singh cannot show prejudice because there is not a "reasonable probability" he could have shown eligibility for asylum or withholding

---

[1] Motions to remand are "functionally identical" to motions to reopen. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 145 n.5 (3d Cir. 2007) (internal quotation marks and quoted source omitted).

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1003.2(a), and we have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of Singh's motion to remand for abuse of discretion. *See Fadiga*, 488 F.3d at 153.

of removal absent his counsel's deficient performance. *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 387 (3d Cir. 2020) (internal quotation marks and quoted source omitted).

Past persecution is a prerequisite for asylum and withholding of removal. *See* 8 C.F.R. §§ 208.16(b)(1), 1208.13(b)(1). Singh does not explain how his failure to show past persecution was caused by his counsel's allegedly deficient performance: he neither identifies any material information that his counsel omitted, nor claims to have additional evidence of past persecution. So he cannot show a reasonable probability that he could have established eligibility for asylum or withholding of removal but for his counsel's performance.

Nor can Singh show a reasonable probability that he could have obtained relief under the Convention Against Torture. Two facts stand out. First, Singh managed to relocate and live safely in another part of India for four years after his first arrest. Second, though he testified that police struck him during his final arrest, he did not suffer any visible injuries or require medical attention. Both facts weigh heavily against finding "that it is more likely than not that [Singh] would be tortured" if he returned to India. 8 C.F.R. § 208.16(c)(2); *see also id.* § 208.16(c)(3)(i)–(ii). Given these facts, Singh cannot show prejudice from his counsel's allegedly deficient performance.

\*　　\*　　\*

For these reasons, the BIA did not abuse its discretion in denying Singh's motion to remand. We will thus deny his petition for review.

4